IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MICHELLE ANN CLAY, *et al.* | * |
| On Their Own Behalf and on Behalf of All Other Consumers Similarly Situated | * |
| Plaintiffs | * Civil Action No. 8:14-cv-00811-DKC |
| v. | * |
| KING HAGERSTOWN MOTORS LLC, *et al.* | * |
| Defendants | * |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**

Plaintiffs Michelle Ann Clay, Agnita Kote and Veronica Weinberger, by counsel, submit this Reply – with 3 brief points – to respond to Defendants' 6 page Opposition to Plaintiffs' Motion to Extend Time for Filing Responsive Pleadings.

**First**, Plaintiffs are not requesting an extension of the deadline until August 15, 2014 as a delay tactic. Plaintiffs need the additional time to respond to six substantive motions filed by Defendants, which contain more than 200 pages of briefing plus a large number of exhibits (ECF 15 – 20). As a result of previously scheduled summer vacations and other commitments in other cases, it was not possible for Plaintiffs to oppose the motions within the standard timeframe set forth in the Rules.

**Second**, Plaintiffs tried to seek the consent of Defendants as required by L.R. 105.9 well in advance of the time that responses to the Motions were due under the Rules. However, Defendants refused to provide their unconditional consent to an extension of time to respond, insisting instead that any extension be conditioned on an agreement not to file an amended

complaint. Plaintiffs told Defendants that Plaintiffs have no present intention of filing an amended complaint but further explained that Plaintiffs were unable to agree to this restriction because it could unnecessarily tie our hands in the event that something unforeseen happens.  For example, if Defendants make a Rule 68 Offer of Judgment to the named Plaintiffs in *Clay* (like the Rule 68 Offer of Judgment made by these same defense counsel in the related *Kaakyire/Chambers v. King Auto Group* class action), and the named Plaintiffs accepted the offer, then Plaintiffs would be unable to amend the complaint (by adding new class representatives) as required to protect the interests of the absent class members.  If this were to happen, Plaintiffs believe that the restriction prohibiting Plaintiffs from amending the complaint would interfere with Plaintiffs ability to represent our clients in violation of MRPR 5.6.

**Third**, Plaintiffs' counsel have extended every courtesy requested of them by Defendants, as shown not just in this case but in the *Kaakyire/Chambers* case (ECF 9, 27, 52, 69).  Given Plaintiffs' counsel professional responsibility to their clients, they could not accede to Defendants' demands.

For these reasons, Plaintiffs request that the Court extend the time for their response to Defendants' 6 motions, in excess of 200 pages plus numerous exhibits, to and including August 15, 2014.

                                      Respectfully submitted,

Dated: July 3, 2014                      /s/Richard S. Gordon_____

                                   Richard S. Gordon (Bar No. 06882)
Stacie F. Dubnow (Bar No. 10246)
GORDON, WOLF & CARNEY, CHTD.
102 W. Pennsylvania Avenue, Suite 402
Towson, Maryland 21204
(410) 825-2300

Mark H. Steinbach (Bar No. 26538)

2

Of Counsel
O'TOOLE ROTHWELL
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C.  20036
(202) 775-1550

**Attorneys for Plaintiffs and the Class**